## Montana Twenty-First Judicial District Court.
### County of Ravalli.

**STATE OF MONTANA,**
    **Plaintiff,**

**-vs-**

**WILLIAM ALLEN RORVIK,**
    **Defendant.**

**CAUSE NO. DC-15-084**

**DECISION**

On October 28, 2015, the Defendant was sentenced as follows:

Charge I – A commitment to a prison operated by the Montana Department of Corrections for a period of five (5) years, for the offense of Criminal Possession of Dangerous Drugs, a Felony. The sentence was ordered to run consecutively to any other sentences the Defendant was currently serving. Charge II: A commitment to the Ravalli County Detention Center for a period of six (6) months, for the offense of Criminal Possession of Drug Paraphernalia, a misdemeanor, ordered to run concurrently to Charge I. Charge III: A commitment to the Ravalli County Detention Center for a period of six (6) months, for the offense of Criminal Possession of Drug Paraphernalia, a misdemeanor, ordered to run concurrently with the sentences in Charges I and II.

Due to the Defendant's financial circumstances, the Court did not impose any fines, fees or costs. The Defendant received credit for one hundred ninety-six (196) days for time served in detention prior to sentencing.

On May 5, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Jennifer Streano of the Office of the State Public Defender. The State was not represented. Marlene Rorvik, mother of the Defendant, was present.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of

Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence is **AFFIRMED**.

Done in open Court this 5th day of May, 2016.

DATED this 10th day of June, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Brad Newman, Member and Hon. Kathy Seeley, Member.